## STILL v. HUTTO.

PRESUMPTIONS—CHILDREN.—Where a man leaves the State *unmarried* and *childless*, and has not been heard from for seven years, he will be presumed dead, but it will not be presumed that he died childless, and the party alleging such fact must prove it.

Before ALDRICH, J., Barnwell, April, 1896.   Reversed.

Action by the heirs at law of Ellen M. Still and Charles L. Still against the heirs at law of W. R. Delk for partition of a tract of land.

The following is the Circuit decree:

Plaintiffs instituted this action for the partition of the real estate described in the complaint, alleging that the same was owned by themselves and the defendants as tenants in common. Defendants, in their answer, denied the allegations of the complaint, and, for a second defense, plead the statute of limitations, and an adverse possession of the premises for twenty years last past prior to the commencement of the action. Trial by jury was waived, and, by consent, the case was referred to the master to take and report the testimony to this Court. The case now comes before me upon the pleadings and the testimony. Plaintiffs contend that the land formerly belonged to James L. Still, who died testate in 1864. By this last will he disposed of all his realty, and plaintiffs claim under the provisions of said will. Defendants contend that they have a good title to the land, resting upon the presumption of a grant and valid title by reason of a possession extending over twenty years, and by adverse possession. James L. Still was in possession of the land at the time of his death in 1864, and had been in possession thereof for more than twenty years before he died. His last will, duly probated, devised, *inter alia*, his homestead place to his daughter, Ellen M. Still, and his son, Bartholomew Still, to be equally divided between them. But it was further provided in the said will that if either of them died without leaving a child or children, then and in that event the share of the one so dying should go the testator's surviving heirs. Said land was divided between said devisees soon after testator's death, and the land described in the complaint was the portion assigned to Bartholomew Still. The said Bartholomew Still left this State in 1868, unmarried and childless, and was last heard of alive, still unmarried and childless, in June, 1875. Besides Ellen and Bartholomew, testator left

two other children, viz: Charles L. Still and D. P. Still. Plaintiffs, J. M. Still and E. A. Johnson, are the only children of said Charles L. Still, now dead. The other plaintiffs are the children and husband of Ellen M. Still, who died in June, 1888. D. P. Still, a son of testator, now living, conveyed the land described in the complaint to one W. R. Delk, in March, 1868, and the defendants herein are the heirs at law of the said W. R. Delk. The conveyance from D. P. Still is, in terms, an absolute conveyance, and he warrants the title of Delk. Said deed recites that the land was "owned by the late James L. Still." Plaintiffs concede to defendants a one-third undivided interest in said land, as representing the interest of the said D. P. Still. The allegations of the complaint are fully sustained by the testimony, unless defendants have, in some way, established their title to or their right to the possession of the land. I will, therefore, consider the claim of defendants. W. R. Delk went into possession of the land, under his aforesaid title, remained in possession up to the date of his death, and his heirs at law have held the possession since that time. There is no evidence that D. P. Still, at the time of his conveyance to W. R. Delk, in March, 1868, was then, or ever had been, in exclusive possession of said land; on the contrary, the evidence is that it was in the possession of James L. Still and the devisees named in his will. Defendants contend that, having gone into possession of said premises in March, 1868, under a title upon its face absolute, said title in March, 1888, a period of twenty years having elapsed, must be presumed to be good title. Defendants also contend that, having held the land adversely for more than ten consecutive years, plaintiffs are now barred of their action. Bartholomew L. Still was the devisee of the land, and the owner thereof. He left this State in 1868, whether before or after the date of D. P. Still's deed to W. R. Delk does not appear. When one has been absent and not heard from for seven years, the presumption is that he is dead, and that he died at the expiration of

27—48

seven years after being heard from or of.   *Corley* v. *Hollo-
way*, 22 S. C., 386; Bailey's Eq., 102.   He was last heard
of in June, 1875, and the presumption is he died in June,
1882.   The right, title, and interest of said Bartholomew
Still, under the provisions of testator's will, terminated at
his death.   His estate was not an absolute estate in fee,
because, under the will the land was given to him during
his "natural life," and in the event of his dying "without
a child," it was to "be equally divided among my (testator's)
surviving heirs."   He did die without "a child" in 1882,
and the land then passed in fee to the "surviving heirs" of
testator.   Ellen M. Still, a sister of Bartholomew Still,
and an heir of James L. Still, survived said Bartholomew.
The title of the "surviving heirs," and their right to the
possession of said land thereunder, never occurred until the
death of Bartholomew Still, in 1882.   Then they had the
right to bring an action for the partition of said land.   In
less than ten years from June, 1882, to wit: in June, 1888,
said Ellen M. Still died intestate, leaving minor children,
one of whom is now only eleven years old.   There are sev-
eral other minor children of Ellen M. Still.   The minority
of one cotenant saves the rights of all other cotenants, and
the statute will not run against a minor.   Code, sec. 108.
When a person, such as Ellen M. Still, dies during the cur-
rency of the statute, leaving heirs under the disability of
infancy, the operation of the statute is immediately arrested.
*Dunn* v. *Kee*, 26 S. C., 225.   In analogy to the statute of
limitations, infancy will rebut the presumption of title
based upon possession of property for twenty years or over.
It will arrest immediately the operation of the currency of
the presumption.   *Massy* v. *Adams*, 3 S. C., 265, and au-
thorities there cited.   It is a mistake to say that the pos-
session of W. R. Delk and his heirs at law from March,
1868, the date of the deed of D. P. Still to W. R. Delk, to
June, 1888, when Ellen M. Still died, was more than twenty
years, and, therefore, raised the presumption of a grant or
valid title.   Bartholomew Still had no absolute estate in

the land, though, during his "natural" life, he had the right
to the possession thereof. Plaintiffs' right to the possession
never accrued until 1882, and, prior to that time, they had
no right to sue therefor, neither statute of limitations, pre-
sumptions nor adverse possession began to run against them
up to that date, and the death of Ellen M. Still in 1888,
and the minority of her children, arrested, and still arrests,
the currency of the operation of the statute of limitations,
presumption, and adverse possession.

Wherefore, it is ordered, adjudged, and decreed, that
plaintiffs are the owners in fee simple of a two-thirds un-
divided interest in the land mentioned and described in the
complaint in this action, and the defendants are the owners
in fee simple of a one-third undivided interest in the said
land, as tenants in common, and as stated in said complaint,
to wit: the plaintiffs, Charles H. Still to one-ninth; Alice
E. Still, Ardenia I. Still, Marcella A. Still, E. Gertie Still,
Oscar E. Still, W. H. Still, and Annie M. Kearse are each
entitled to two sixty-thirds; J. M. Still and E. A. Johnson
are each entitled to one-sixth; and the defendants herein
are each entitled to one-twelfth of said land. It is further
ordered, that this action be transferred to Calendar 2; and
it is further ordered, that this action be, and hereby is, re-
ferred to the master for Barnwell County to ascertain and
report whether it will be practicable or expedient to parti-
tion and divide the said lands in kind, or whether a sale
will be necessary to effect an equitable partition.

From this decree, the defendants appeal on the following
grounds:

I. That his Honor erred, it is respectfully submitted, in
holding and deciding that Bartholomew Still was presumed
to be dead at the time of the commencement of the action.

II. That his Honor erred, as it is respectfully submitted,
in holding and deciding that Bartholomew Still was pre-
sumed to have died without issue.

III. That his Honor erred, as it is respectfully submitted,

in not holding that after the lapse of time the defendants' ancestor entered into possession under a good and perfect title, and that at the time of the commencement of the action everything will be presumed necessary to perfect his title.

*Mr. Robert Aldrich*, for appellant, cites: *On point decided: Riddlehoover* v. *Kinard*, 1 Hill Eq.

*Messrs. Patterson & Holman*, contra.

March 9, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. James L. Still departed this life in 1864, leaving a last will and testament, by the provisions of which he devised his large landed estate to his children, allotting to each the tract or tracts of land and other property they should receive. To his son, Bartholomew Still, and his daughter, Ellen M. Still, he gave his home place. To each devise he annexed this restriction: "The above named property to be enjoyed by my heirs during their natural life, and in the event of either of them dying without a child, his or her portion shall be equally divided among my surviving heirs." Bartholomew and Ellen Still made partition of the home tract, by Bartholomew receiving the 166 acres now in dispute. In March, 1868, D. P. Still, a brother of Bartholomew and Ellen Still, conveyed by deed the lands of Bartholomew to William R. Delk in fee simple, and this deed was placed on record on the 16th March, 1868, and the said William R. Delk immediately thereafter entered into full possession of the same. Bartholomew removed from this State some time in the year 1868, unmarried. He was last heard from in 1875, and under the law is presumed to have died in 1882. The plaintiffs, as the heirs of James L. Still, now bring this action to recover from the heirs at law of Wm. R. Delk, who is also now dead, that moiety of the home tract of land which fell to Bartholomew Still. The case came on to be heard before his Honor, Judge Aldrich, who held that said tract of land, on the death of Bartholomew Still in 1882, reverted to the heirs of James L. Still, deceased,

and remained for partition amongst them, giving to the defendants one-third thereof. The decree and the exceptions thereto will be incorporated in the report of this cause.

Under the second exception we think the defendants are entitled to a reversal of the judgment of the Circuit Court. Under the issues tendered by the plaintiffs to the defendants they were obliged to prove that Bartholomew Still, the life tenant, died childless. This they did not attempt to do. It is true, they asked, and the Circuit Judge did consent, to presume that Bartholomew Still died childless, because he was unmarried when he left the State in 1868. He was heard from in the year 1875, but it does not appear whether he was then married or not. And in 1882, not having been heard from since 1875, he is presumed to be dead, and now it is suggested that the law requires that the presumption that he died childless should be enforced, to take from these defendants two-thirds of this tract of land. Such is not the law. This nigh cut to prove title in the plaintiffs cannot and should not be enforced.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, with directions that a decree be there formulated dismissing the complaint.